The Chancellor.
The bill is exhibited by one stockholder of one incorporated company (The New Brunswick &c.) against three other stockholders, who are also directors of the same company, praying an account of all the property bought by them, or either of them, with the money of the company, and of the rents and profits thereof, and of all monies received by the defendants, or either of them, from the business of the company, and expended in the purchase of property; and that the defendants may account for all breaches of trust as directors, agents, or trustees of the company, and make good all losses incurred thereby; and may account for all monies made by them, or either of them, by the purchase or sale of any property of the company; and may be decreed to pay to the complainant his proportionate share of what may be found due, and of all surplus monies in the hands of them, or either of them, not required for the bwi *445 ness of the company, or to pay the same to a receiver; and that all the property not necessary for the objects of the company may be sold, and the proceeds divided among the stockholders, or paid to a receiver ; and that a receiver may be appointed of the rents and profits of the real estate at Camden, purchased with the funds of the company, and of all other property purchased by the defendants, or either of them, with the funds of the company, without the consent of the company, and not necessary for the objects thereof ; and praying, also, an injunction restraining the defendants from selling any real estate purchased with the funds of the company, and from selling any other property of the company without the consent of the stockholders, and from managing and controlling the affairs of the company at their will and pleasure, and without the consent of a lawfully constituted hoard of directors. An injunction pursuant to the prayer of the hill was allowed.
A supplemental bill was afterwards filed, stating other facts, and making other persons defendants, and praying the same relief against them; and praying that they and the defendants in the original bill may he restrained by injunction from disposing of any property of the company, and from winding up its affairs, or causing it to go into liquidation, without the consent of the stockholders. An injunction pursuant to the prayer of this hill was also allowed.
A motion is now made, on the part of the complainant, for the appointment of a receiver, to take charge of certain real estate situated in Pennsylvania, on the Delaware river, one tract in Bristol and the other in Philadelphia, (called the Walnut street property,) alleged by the bill to have been purchased with the funds of the said “ The New Brunswick See.,” the legal title to which tracts, respectively, is in the name of one or more individuals, without the recognition of any interest of “The New Brunswick See.” therein; and also to take charge of certain monies, alleged in the original hill to be the funds of “The New Brunswick &e.” in the hands of E. A. Stevens, the use of which the bill alleges he has improperly obtained.
The answer of the defendants to the original and supplemental bill has been read in opposition to the motion ; and, among *446 ether things, states that the said monies were loaned to said .•Stevens by the board of directors of “The New Brunswick Steamboat and Canal Transportation Company.”
There is one ground' on which, in view of the whole case as •developed by the bill and answer, the motion for a receiver might, perhaps, be safely denied, without considering other objections to the allowance of it. From the allegations of the bill it would seem to appear, that the enormous accumulation of property by The New Brunswick Co., of which the property for which a Receiver is asked is claimed to be a part, is the result of a fraud •on the rights of others, not parties to this suit, nor parties to the arrangement between The New Brunswick Steamboat and Canal Transportation Co. and the united railroad and canal companies, set forth in the bill, which produced such accumulation. And this may turn out to be so notwithstanding any thing said in the answer. If this be true, this Court would not become the instrument to distribute the spoils, on the application of one who has been a stockholder from the beginning in The New Brunswick Steamboat and Canal Transportation Co., and cog* nizant of the fraudulent arrangement and proceedings which produced such accumulation; which is the position of the complainant in this case.
But the motion must be denied on othei grounds. As to the Walnut street property, it was in the use of 'The New Brunswick Co. a number of years, and during that time the situation of it in reference to title was the same as it is now. While the arrangement with the said united companies existed, and the business charged by the complainant to be illegal and fraudulent, and from which the overgrown accumulation of property arose, was continued, the complainant, with full knowledge of the arrangement, was silent. But when the business was discontinued, the complainant filed his bill, alleging that this property is not necessary for the legitimate business of The New Brunswick Steamboat and Canal Transportation Co., and prays that it may be sold, and the proceeds of it distributed; and asks that a Receiver may, at once, on the filing of his bill, be appointed to take •charge of it. The complainant is in no more danger now in reference to the title .of this property than he has been for years, *447 and no apprehension of danger is alleged as to the responsibility of the person in whom the title is. Delay is often fatal to an application for a Receiver; and in this case, an application by this complainant for the prompt action be asks of the Court comes with ill grace. As to the real estate in Bristol, the title is in a director of The New Brunswick Co. whoso responsibility is not questioned; and no danger of loss is suggested.
As to the money loaned to Stevens: when the object of a suit is to compel the payment of a sum of money, there seems to be no propriety in ordering it to be paid to a Receiver on the filing of the bill. It may also be said, in reference to this money, that no danger or apprehension of loss is suggested.
It is unnecessary to consider the difficulty suggested on the argument of appointing a Receiver to take charge of real estate situated in another State.
Motion denied.